UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL BROCK, | ) | Case No. EDCV 14-1218 BRO(JC) |
| Petitioner, | ) | |
| v. | ) | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DISMISSING ACTION WITHOUT PREJUDICE |
| W.L. MONTGOMERY, | ) | |
| Respondent. | ) | |

## I. SUMMARY

On June 13, 2014, petitioner Michael Brock ("petitioner"), a California prisoner who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus (the "Current Federal Petition"). The Current Federal Petition challenges a state judgment entered in 2000 following petitioner's guilty plea in Barstow, California, in San Bernardino County Superior Court Case No. FBA04003 (the "State Case" or "State Conviction").

Based on the record (including facts as to which this Court takes judicial notice as detailed below) and the applicable law, the Current Federal Petition is denied and this action is dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of the Court is directed to

refer the Current Federal Petition to the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[1]

## II. PROCEDURAL HISTORY[2]

### A. State Conviction, Direct Appeal, and State Habeas Petitions

On or about July 10, 2000, petitioner pleaded guilty to one count of first degree murder. The San Bernardino County Superior Court sentenced petitioner to 25 years to life in state prison in accordance with the plea agreement. Petitioner had faced a potential sentence of life without the possibility of parole.

On February 14, 2002, the Court of Appeal affirmed the judgment on direct appeal in a reasoned decision. Petitioner did not petition the California Supreme Court for review of the Court of Appeal's decision.

Petitioner thereafter sought, and was denied habeas relief in the San Bernardino County Superior Court, the California Court of Appeal, and the California Supreme Court.

///
///

---

[1] Ninth Circuit Rule 22-3(a) provides in pertinent part: "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[2] The facts and procedural history set forth in this section are derived from court records in the Central District of California (CDCA), the Ninth Circuit, and/or from the dockets of the California state appellate courts (available via http://appellatecases.courtinfo.ca.gov) in the following cases of which this Court takes judicial notice: (1) Michael Brock v. Larry Small, CDCA Case No. EDCV 09-2107 BRO(JC) ("First Federal Petition" or "First Federal Action"); (2) Michael Brock v. Larry Small, Ninth Circuit Case No. 14-55903 ("Ninth Circuit Action"); (3) In re Michael Brock on Habeas Corpus, California Court of Appeal (4th Appellate District, Division 2) Case No. E059308; and (4) Brock (Michael) on Habeas Corpus, California Supreme Court Case No. S213264. See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

### B.   First Federal Petition/First Federal Action

On November 12, 2009, petitioner formally filed the First Federal Petition in which he challenged the judgment in the State Case on multiple grounds.  On April 9, 2014, judgment was entered dismissing the First Federal Petition with prejudice as untimely.  On April 11, 2014, the Court's order denying a certificate of appealability was entered.

On May 12, 2014, petitioner formally filed a Notice of Appeal in the Ninth Circuit Action (see supra note 2).  (First Federal Action, Docket No. 39).  The Ninth Circuit Action remains pending.  (Ninth Circuit Action, Docket).

### C.   Current Federal Petition

As noted above, on June 13, 2014, petitioner formally filed the Current Federal Petition which again challenges the judgment in the State Case.  The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[3]

## III.   DISCUSSION

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application.  Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)).  This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit).  A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals.  Cooper v. Calderon, 274 F.3d 1270,

---

[3] A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

The court of appeals may authorize the filing of a second or successive petition only if it determines that the petition makes a prima facie showing that at least one claim within the petition satisfies the requirements of 28 U.S.C. Section 2244(b), *i.e.*, that a claim which was not presented in a prior application (1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim would be sufficient to establish that, but for constitutional errors, no reasonable factfinder would have found the applicant guilty of the underlying offense. Nevius v. McDaniel, 104 F.3d 1120, 1120-21 (9th Cir. 1997); Nevius v. McDaniel, 218 F.3d 940, 945 (9th Cir. 2000).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), cert. denied, 546 U.S. 884 (2005); Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted).

///

Case 5:14-cv-01218-BRO-JC Document 4 Filed 06/23/14 Page 5 of 5 Page ID #:32

Petitioner's First Federal Petition was denied as untimely – a determination which the Ninth Circuit has deemed to constitute a disposition on the merits. See McNabb, 576 F.3d at 1030. Accordingly, the Current Federal Petition is successive. Since petitioner filed the Current Federal Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.[4]

## IV.  ORDER

IT IS THEREFORE ORDERED that the Current Federal Petition is denied and this action is dismissed without prejudice.

DATED:     June 23, 2014

_____
HONORABLE BEVERLY REID O'CONNELL
UNITED STATES DISTRICT JUDGE

---

[4] If the Current Federal Petition had been filed when the First Federal Petition was still pending in the district court without a decision having been rendered, then the Current Federal Petition would be construed as a motion to amend the First Federal petition and would not be successive. See Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). However, the Woods holding has not been extended to a situation, like the one in the instant case, in which the district court has ruled on the initial petition, and proceedings have begun in the Court of Appeals. See Beaty v. Schriro, 554 F.3d 780, 782-83 & n.1 (9th Cir.) (petitioner "cannot use Woods to amend his petition after the district court has ruled and proceedings have begun in [the Court of Appeals]"), cert. denied, 58 U.S. 832 (2009). Accordingly, for the reasons further explained above, the Current Federal Petition is successive. See, e.g., Owens v. Harrington, 2011 WL 202460, *2 (E.D. Cal. Jan. 19, 2011) (deeming petition successive where district court denied prior petition on the merits and entered judgment, and the appeal was then pending in the Ninth Circuit), aff'd, 414 Fed. Appx. 980 (9th Cir. 2011), cert. denied, 132 S. Ct. 598 (2011).

5